IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL TAYLOR, | ) | Civil Action No. 7:20-cv-00446 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| J. ELY, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Daniel Taylor, a Virginia inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. He lists "J. Ely et al." as defendants, but he does not identify the names of any defendants other than Ely in his complaint. Moreover, his bare-bones complaint does not contain any facts as to what Ely or anyone else did that Taylor believes violated his rights. Instead, where he lists his single claim and is supposed to provide supporting facts, he states only:

> totality of circumstances
> 14th and 8th Amendment violations
> prison conditions

(Dkt. No. 1.) He provides no other factual information or detail. Similarly, he requests punitive and declaratory relief, but he does not provide any specifics as to what declaratory relief he seeks.

More than a month after filing his complaint, Taylor filed a document he titled a "Declaration to Attach." (Dkt. No. 8.) In it, he appears to be complaining about a number of events, most of which occurred *after* he filed his complaint. The events are:

1. On August 28, 2020, J. Ely told him to stop filing informal complaint forms after Taylor filed a complaint against Kitchen Director Susan Stallard.

2. On August 1, 2020, a floor officer gave another offender a pork product lunch and told him it was not pork, but five minutes later changed it for the no-pork regular diet he normally receives.

3. On two occasions in August 2020, Taylor's laundry was not returned to him. He complained about this to Lt. Kimberlin and Lt. Bryant and was brought only a torn sheet and a pillowcase on September 10. Also, in responding to Taylor's complaint, the laundry supervisor (who Taylor does not identify) threatened Taylor with a "disciplinary report."

4. On September 9 and 10, 2020, Lt. Bryant "deprived [him] of a legal call and told me I was kidding when I asked for this call."

(*See* Dkt. No. 8.) The court construes this document as a supplemental complaint and will consider the allegations raised in it in reviewing Taylor's complaint.

## I. DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Taylor's complaint, the court concludes that his

complaint fails to state any claim and, thus, is subject to dismissal pursuant to 28 U.S.C.

§ 1915A(b)(1).

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85

(4th Cir. 2017) (internal quotation marks omitted).  Liability under § 1983 is "personal, based

upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th

Cir. 2001) (internal citation omitted).  Thus, a § 1983 claim requires factual detail about each

defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017)

(explaining that liability will lie under § 1983 only "where it is affirmatively shown that the

official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of

claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v.

Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

As to Ely, the sole defendant named in Taylor's complaint, the only allegation against

him is that Ely told Taylor to stop filing informal complaints.  This fails to state a constitutional

violation.  A prisoner has a First Amendment right to file prison grievances and may state a

constitutional claim by showing he was retaliated against for filing a grievance. *Booker v. S.C.

Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017).  But Ely's telling Taylor not to file any more

informal complaints, without more, is insufficient to state a retaliation claim.  Instead, to state a

retaliation claim, plaintiff must allege that the took an adverse action against him for filing a

grievance, which requires retaliatory conduct likely to deter a person of ordinary firmness from

exercising his First Amendment rights. *Constantine v. Rectors & Visitors of George Mason

Univ.*, 411 F.3d 474, 500 (4th Cir. 2005).  Taylor does not allege that Ely threatened him or took

any other action against him in response to filing the informal complaint. And the simple act of telling someone not to file a grievance is unlikely to deter a person or ordinary firmness from doing so. *See id.* Thus, Taylor does not state a retaliation claim, or any other claim, against the only defendant named in the complaint.

Even if Taylor had named as defendants the additional persons he discusses in his supplemental complaint, the remaining incidents he alleges fail to state a constitutional claim. As to the laundry and food tray issues, the court construes them as Eighth Amendment conditions-of-confinement claims.[1] With regard to his claim about his "legal call," and despite the fact that nowhere does Taylor refer to any First Amendment violation, the court will construe that claim as a claim that Lt. Bryant interfered with his access to the courts.

A.    **Eighth Amendment Claims**

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49. To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show

---

[1] Although refers to the Fourteenth Amendment in his complaint, it is wholly unclear what action, or what person, Taylor believes violated the Fourteenth Amendment, and the court sees no such violation in the facts alleged.

4

"significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Taylor's allegations do not sufficiently plead the first element, because he does not allege that he suffered any significant physical or emotional harm, nor do any of his allegations show a grave risk of such harm. *See Shakka*, 71 F.3d at 166. Put differently, neither being deprived of clean bedding or clean clothes for a brief period of time, or occasionally being served an incorrect meal, plausibly alleges an Eighth Amendment claim, because those incidents did not deprive Taylor of the "minimal civilized measure of life's necessities." *See Farmer*, 511 U.S. at 834.

Many courts, including the Fourth Circuit, have held that temporary deprivations of clean clothing or bedding did not violate the Eighth Amendment. *E.g.*, *Beverati v. Smith*, 120 F.3d 500, 504 & n.5 (4th Cir. 1997) (noting that conditions, including not receiving clean clothing, linen, or bedding as often as required by prison regulations, failed to state an Eighth Amendment claim because there was no serious physical or emotional injury to plaintiffs or risk of such harm); *DeLoach v. S.C. Dep't of Corr.*, No. 4:08-3113-HMH-TER, 2009 WL 1651452, at *1–2 (D.S.C. June 11, 2009) (dismissing Eighth Amendment claim alleging that plaintiff was denied a new jumpsuit and hygiene package for a period of thirty days), *aff'd* 355 F. Appx 681 (4th Cir. 2009).

As to Taylor's allegations about receiving the wrong food tray, it appears from his allegations that this happened not to him, but to a fellow inmate. Even if it had happened to him, though, it fails to state an Eighth Amendment claim. "It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir.1985). Prison officials satisfy their obligation by providing some food

that the prisoner is able to eat without compromising his health. *Scinto v. Stansberry* , 841 F.3d 219, 233 (4th Cir. 2016). A prisoner is entitled, therefore, only to reasonably adequate food. *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir.1985). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Id.*; *Bedell v. Angelone,* No. 2:01CV780, 2003 WL 24054709, at *14 (E.D. Va. Oct. 3, 2003) (explaining that occasional or short-lived problems with food service do not violate the Eighth Amendment).

Lastly, the court does not fully understand Taylor's allegations about the legal call. The facts are simply unclear about what occurred. But to the extent he is alleging that he was deprived of a "legal call," the court construes this as a claim for interference with Taylor's right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (discussing the right generally). The right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually "hindered his efforts to pursue" a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351. Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendant's alleged interference with the plaintiff's right of access. *Christopher*, 536 U.S. at 415–16 (quoting Casey, 518 U.S. at 353). Because Taylor has failed even to identify any claim that was dismissed or that he lost the right to litigate as a result of any alleged interference, this claim also is subject to dismissal.

Because all of Taylor's claims fail to state a constitutional claim even if he were permitted to amend to add additional defendants, then, the court declines to allow an opportunity for him to amend his complaint.

## II.  CONCLUSION

For the foregoing reasons, Taylor's complaint will be dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

Entered: September 30, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

7